IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CATHERINE M. POLLOCK, as Personal Representative of the Estate of DOUGLAS EUGENE POLLOCK, *pro se*, CATHERINE M. POLLOCK, in her individual capacity *pro se*, and DOUGLAS K. POLLOCK, individually *pro se*,<br><br>            Plaintiff,<br><br>    v.<br><br>THE CITY OF ASTORIA, a municipal corporation, DAVE LOGSDON, and PAUL GILLIUM, and other JOHN & JANE DOE'S,<br><br>            Defendants. | CV. 06-845-AS<br><br>FINDINGS AND RECOMMENDATION |

ASHMANSKAS, Magistrate Judge:

    Douglas Eugene Pollock was shot and killed by City of Astoria police officers on June 16, 2004. On June 14, 2006, Plaintiffs Catherine and Douglas Pollock ("Plaintiffs"), parents of the deceased, filed this action against the City of Astoria and the police officers involved in the shooting (collectively "Defendants"). The Defendants were served with the complaint on October 5 or 6, 2006. Defendants move to dismiss the complaint for failure to comply with the applicable statute of limitations.

### Legal Standard

Courts grant motions to dismiss under Rule 12(b)(6) only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1347 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. County of Nevada, 824 F.2d 735, 737 (9th Cir. 1987).

### Discussion

Plaintiffs' complaint contains claims under 42 U.S.C. §1983 for excessive force and loss of consortium as well as state law claims for assault and battery and negligence. The parties agree that the statute of limitations for a Section 1983 action is governed by the law of the state in which the injury occurred. See, e.g., Wilson v. Garcia, 471 U.S. 261, 280 (1985). The parties also agree that the state limitations period applicable to all claims in this action is two years.[1] The only dispute is whether the court should look to the federal or state rule to determine when the action was commenced.

Rule 3 of the Federal Rules of Civil Procedure governs the time of commencement of an action. This rule provides that "[a] civil action is commenced by filing a complaint with the court" and Fed.R.Civ.P. 4(m) requires service of the summons and complaint 120 days thereafter. Federal courts also have the discretion to extend the time of service under Rule 4(m).

---

[1] Defendants assert that the general personal injury statute of limitations found in O.R.S. 12.110 applies to Section 1983 claims while Plaintiffs appear to argue that O.R.S. 30.275(9) applies to both the Section 1983 and state law claims. Because both statutes provide for a two-year limitations period, the court need not resolve this dispute.

By contrast, an action is not commenced in Oregon until the complaint has been filed with the court and served on defendant. See Or. Rev. Stat. § 12.020(1). An action is deemed to have been commenced on the date the complaint is filed provided the summons is served on defendant within 60 days of filing the complaint. Id. at § 12.020(2). If plaintiff fails to serve his complaint within 60 days, the action is not considered "commenced" until the date of service. Id. at § 12.020(1); see also Baker v. Kennedy, 317 Or. 372, 375, 856 P.2d 314 (1993).

Applying the federal rules, Plaintiffs' action is not time-barred because the complaint was filed on June 14, 2006, within two years of Pollock's death, and the Defendants were served within 120 days. Applying state law, however, Plaintiffs' action is time-barred because the complaint was served on Defendants more than 60 days after it was filed and the date of service was beyond the limitations period.

The first question is whether the state or federal rule governs when a Section 1983 claim is commenced. Judge Panner recently addressed this exact issue in Tveretinov v. Portland, et al., CV No. 05-1413-AS, Order dated October 20, 2006. Judge Panner considered all of the arguments asserted by the parties to this action in reviewing the Findings of Recommendation filed by the magistrate judge and found that Fed.R.Civ.P. 3 determines the date a Section 1983 action is commenced in federal court. In doing so, Judge Panner adopted the reasoning set forth by the Ninth Circuit in Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002). The court finds no reason to deviate from this ruling at this time.

Plaintiffs filed this action on June 14, 2006, within two years of Pollock's death. Under Fed.R.Civ. P. 3, a suit is deemed commenced at the time the complaint is filed. Thus, Plaintiffs commenced their Section 1983 claims within the applicable statute of limitations.

The second question is whether the state or federal rule governs when a state law claim filed in federal court pursuant to supplemental jurisdiction is commenced. "Courts must apply state law to supplemental state law claims in federal court based on 28 U.S.C. 1367." Keller v. City of Portland, CV No. 98-263-ST, Findings and Recommendation filed November 13, 1998, Adopted by Judge Haggerty by Order filed February 12, 1999 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1996)). Accordingly, O.R.S. 12.020 applies to the state law claims.

Plaintiffs filed this action on June 14, 2006, within two years of Pollock's death. However, Plaintiffs did not serve any of the Defendants until October 5, 2006, which is more than 60 days after the date the complaint was filed. Under O.R.S. 12.020, Plaintiff's state law claims were not commenced until October 5, 2006, well after the two-year statute of limitations passed. Plaintiffs state law claims should be dismissed.

## Conclusion

Defendants' motion (#3) to dismiss should be DENIED with regard to Plaintiffs' Section 1983 claims and GRANTED with regard to Plaintiff's state law claims.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **November 22, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 6th day of November, 2006.

    /s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge